**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| Jessica Cutler, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| MRS BPO, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## PARTIES

1.  Plaintiff, Jessica Cutler ("Jessica"), is a natural person who resided in Kenosha, Wisconsin, at all times relevant to this action.

2.  Defendant, MRS BPO, LLC ("MRS BPO"), is a New Jersey limited liability company that maintained its principal place of business in Cherry Hill, New Jersey, at all times relevant to this action.

## JURISDICTION AND VENUE

3.  Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4.  Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

1

## STANDING

5.  As set out, *infra*, Jessica has Article III standing to bring this claim in Federal Court for as a result of MRS BPO's conduct, she suffered an actual injury in fact that is concrete, particularized that Congress intended to prevent when it passed the FDPCA.

6.  Jessica anticipates the injury will be redressed by the Court through the implementation of Statutory and Actual Damages and by forcing MRS BPO to pay Jessica's legal fees and costs.

## STATEMENT OF FACTS

7.  At all times relevant to this action, MRS BPO collected consumer debts.

8.  MRS BPO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9.  The principal source of MRS BPO's revenue is debt collection.

10. MRS BPO is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, MRS BPO contacted Jessica to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Jessica is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. In or around June 2020, Jessica contacted her then current internet provider, Spectrum, in an attempt to lower her monthly internet bill.

15. In June 2020, Jessica was current on her Spectrum account.

16. Jessica's telephone call was prompted as a result of receiving a solicitation from a competitor of Spectrum offering her substantially the same service for less money than Jessica was paying Spectrum.

2

17. Because Spectrum was unwilling to match the competitor's rate, Jessica notified Spectrum that she wished to cancel her service.

18. Despite this, Spectrum did not timely close Jessica's account and unauthorized charges continued to accrue.

19. In turn, Spectrum sent the account to MRS BPO to collect the debt.

20. On or around May 14, 2021, MRS BPO emailed Jessica written notice of Jessica's opportunity to dispute the validity of the debt pursuant to 15 U.S.C. 1692g.

21. On or around June 1, 2021, Jessica replied to MRS BPO's email and disputed the debt, demanded MRS BPO cease collections and requested verification thereof.

22. Despite receipt of Jessica's letter, MRS BPO continued to communicate with Jessica throughout June and July 2021, in connection with the collection of the debt.

23. On or around June 1, 2021, Jessica called MRS BPO and this time verbally demanded verification of the debt and asked that MRS BPO cease calling her until the debt was validated.

24. Despite not validating the debt, MRS BPO continued to communicate with Jessica in connection with the collection of debt including, but not limited to on May 22, June 10, June 11 and June 12, 2021.

25. Extremely frustrated with MRS BPO's calls and emails, Jessica again called MRS BPO on or around June 12, 2021, and again restated her desire for MRS BPO to cease communication with her.

26. Despite Jessica's written and oral requests for MRS BPO to cease communication, MRS BPO continued to communicate with Jessica by phone and email in connection with the collection of a debt including, but not limited to June18 and July 28, 2021.

27. On information and belief, MRS BPO failed to notify Spectrum that Jessica disputed the debt.

28. MRS BPO's collection efforts, including, but not limited to its telephone calls, caused Jessica emotional distress in the form of frustration, annoyance, aggravation and anxiety.

29. MRS BPO's collection efforts also intruded upon Jessica's privacy and solitude.

30. MRS BPO's telephone calls also forced Jessica to expend significant time by having to tend to MRS BPO's unwanted calls and repeatedly communicate with MRS BPO her desire to seek protection under the FDCPA.

31. MRS BPO's collection efforts also caused Jessica to seek counsel to assist her with enforcing her rights under the FDCPA.

## <u>COUNT ONE</u>

### **Violation of the Fair Debt Collection Practices Act**

32. Jessica re-alleges and incorporates by reference Paragraphs 7 through 31 above as if fully set forth herein.

33. MRS BPO violated 15 U.S.C. § 1692c(a)(1) by calling Jessica at a time or place known to be inconvenient for Jessica.

## <u>COUNT TWO</u>

### **Violation of the Fair Debt Collection Practices Act**

34. Jessica re-alleges and incorporates by reference Paragraphs 7 through 31 above as if fully set forth herein.

35. MRS BPO violated 15 U.S.C. § 1692c(c) by communicating with Jessica with respect to the debt notwithstanding its receipt of written instructions to cease communications with Jessica.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

36. Jessica re-alleges and incorporates by reference Paragraphs 7 through 31 above as if fully set forth herein.

37. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

38. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

39. The likely effect of MRS BPO's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Jessica.

40. MRS BPO violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Jessica in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

41. Jessica re-alleges and incorporates by reference Paragraphs 7 through 31 above as if fully set forth herein.

42. MRS BPO violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

43. Jessica re-alleges and incorporates by reference Paragraphs 7 through 31 above as if fully set forth herein.

44. MRS BPO violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

45. Jessica re-alleges and incorporates by reference Paragraphs 7 through 31 above as if fully set forth herein.

46. MRS BPO violated 15 U.S.C. § 1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Jessica's written request.

## JURY DEMAND

47. Jessica demands a trial by jury.

## PRAYER FOR RELIEF

48. Jessica prays for the following relief:

    a. Judgment against MRS BPO for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,


Date: August 9, 2021                    By:____/s/ Jeffrey S. Hyslip_____
                                        Jeffrey S. Hyslip, Esq. (OH 0079315)
                                        *Attorney for Plaintiff*
                                        Hyslip Legal, LLC
                                        1309 Park St., Suite A
                                        McHenry, IL 60050
                                        Phone: 614-490-4224
                                        jeffrey@hysliplegal.com